IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALLEN CRAWFORD, | ) | Case No. 1:22-cv-1096 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| KEITH FOLEY, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

On July 21, 2019, Allen Crawford, brandishing a firearm, entered an apartment where

V.R., A.B., and V.R.'s (and his) three young children were located.  Crawford then ordered V.R.

and A.B. to the floor and the children to their room.  Crawford demanded the women's cell

phones and bound their hands behind their backs with black duct tape.  Crawford announced that

he planned on killing them both and made threats regarding how he would shoot them and leave

with the children.  While making these threats, Crawford poured lighter fluid over the women

and throughout the apartment.  While V.R. was pleading for her life, Crawford advised her to be

quiet and then struck her with the firearm.  Crawford pulled out a knife and stabbed both women

in the neck, stabbing V.R. two to three times and A.B. once.  Crawford retrieved the children,

ignited the lighter fluid, and fled the apartment.  After Crawford left, A.B., despite being on fire,

was able to free herself from her bindings, extinguish the fire on her body and in the apartment,

and call 911.  Emergency responders arrived and transported both women to medical facilities

where they were treated for their burns and other wounds.  Crawford was ultimately apprehended and taken into custody.

Crawford was indicted by a Lake County, Ohio grand jury and he later entered a guilty plea as to one count of aggravated burglary, two counts of attempted murder, two counts of kidnapping, one count of aggravated arson, and three counts of endangering children.  Crawford was sentenced to an aggregate, indefinite prison sentence of 33 years to 38 and one-half years.

Crawford now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF Doc. 1. Crawford asserts two grounds for relief:

> **Ground One**: The trial court's failure to merge allied offenses with the same animus constitutes a Double Jeopardy and Due Process violation.  *See* ECF Doc. 1 at 6-7.

> **Ground Two**: The trial court's imposition of consecutive prison terms in this case constitutes a Due Process violation.  *See id.* at 8-9.

Respondent, Warden Keith Foley, filed a return of writ, arguing that Crawford's habeas petition should be dismissed because his claims were procedurally defaulted, noncognizable, and/or meritless.  ECF Doc. 5.  Crawford filed a traverse.  ECF Doc. 7.

I recommend that Crawford's Ground One claim be DENIED as meritless and his Ground Two be DISMISSED as procedurally defaulted and noncognizable.  I further recommend that Crawford not be granted a COA.

## I.    State Court History

### A.    Trial Court Proceedings

On November 4, 2019, a Lake County, Ohio, grand jury issued an indictment that charged Crawford with: one count of aggravated burglary in violation of Ohio Rev. Code § 2911.11(A)(1) (Count 1); one count of aggravated burglary in violation of Ohio Rev. Code § 2911.11(A)(2) (Count 2); two counts of attempted aggravated murder in violation of Ohio Rev.

Code § 2903.01(B) and Ohio Rev. Code § 2923.02 (Counts 3 and 4); two counts of attempted

murder in violation of Ohio Rev. Code § 2903.02(A) and Ohio Rev. Code § 2923.02 (Counts 5

and 6);[1] two counts of kidnapping in violation of Ohio Rev. Code §2905.01(A)(2) (Counts 7 and

8); two counts of kidnapping in violation of Ohio Rev. Code § 2905.01(A)(3) (Counts 9 and 10);

two counts of felonious assault in violation of Ohio Rev. Code § 2903.11(A)(1) (Counts 11 and

12); two counts of felonious assault in violation of Ohio Rev. Code § 2903.11(A)(2) (Counts 13

and 14); two counts of aggravated arson in violation of Ohio Rev. Code § 2909.02(A)(1)

(Counts 15 and 16); and three counts of endangering children in violation of Ohio Rev. Code

§ 2919.22(A) (Counts 17, 18, and 19).  ECF Doc. 5-1 at 5-15.  Counts 1 through 16 carried

firearm specifications pursuant to Ohio Rev. Code § 2941.145.  *Id.* at 5-13.

On April 22, 2020, Crawford, pursuant to a plea agreement, entered a "Written Plea of

Guilty and Judgment Entry" on Counts 1, 5, 6, 9, 10, 15, 17, 18, and 19 (one count of aggravated

burglary, two counts of attempted murder, two counts of kidnapping, one count of aggravated

arson, and three counts of endangering children), as well as the firearm specifications on

Counts 1, 5, 6, 9, 10, and 15.  *Id.* at 22-29.  After advising Crawford of his legal rights and

finding that he understood his rights and that his plea was being entered knowingly and

voluntarily, the trial court accepted Crawford's guilty plea and found him guilty.  *Id.* at 41-42.

Moving to sentencing, the court asked for the parties' positions on the issue of merger, with the

prosecution arguing that the offenses did not merge and Crawford arguing that the arson,

aggravated burglary, and the kidnapping offenses should merge with the attempted murder

offenses.  ECF Doc. 5-4 at 13-18.  The court indicated it had read the parties' memoranda

---

[1] In the indictment, Count 5 initially cited a violation of Ohio Rev. Code § 2903.03(A) but was later
amended to reflect a violation of Ohio Rev. Code § 2903.02(A).  ECF Doc. 15-1 at 32, 37.

3

regarding the merger issue and found that the offenses did not merge pursuant to *State v. Ruff*.[2] *Id.* at 18.

Before announcing the sentence, the trial court stated: "I have considered the purposes and principles of felony sentencing in [Ohio Rev. Code §] 2929.11, every aspect of that statute. I've considered [§] 2929.12, every aspect of that statute." *Id.* at 34. The court then discussed the seriousness and recidivism factors relevant to this case, stating:

> THE COURT: So this is a unique case from the standpoint that it was an absolutely brutal act from that standpoint it's unique. It's also unique from the standpoint that somebody who committed such a brutal act that doesn't have a lot in his background. There is some indication of violence in the past because you got an assault, you got a domestic violence, you got a weapons charge. Most of it I suspected when reviewing the presentence report probably relates to too much drinking. I don't have the specifics on those cases but those offenses taken with what you stated in the presentence reports would lend itself to indicate that.
>
> So you for the reasons that are outlined in the police report and the presentence report were angry about something specific, leaned back on you habit of drinking to excess and you acted upon it and you went in there with the tools to accomplish what you wanted to accomplish because of that and you walked out of there thinking you accomplished it, right, you thought that you had killed them both?
>
> [Crawford]: (Nodding affirmatively)
>
> THE COURT: That's what you told, I think you told your brother-in-law and that's certainly what you told the police when you called.
>
> Now the two brutal acts were committed against the two young ladies who [were] with your children in the apartment were minding their own business and so you put them through hell because they thought, they thought they were going to die, that's clear, and you thought they were going to die, that was your intention when you went in there. So as a result of your action there are serious disfiguring physical injuries that they are never going to get over. And I'm certain based on the activity there are serious psychological injuries to both that they will likely never get over 'cause I'm not sure how somebody ever from a psychological standpoint gets over the horror [of] spending 10 or 15 minutes of knowing they were about to die with your three kids in the next room or in the room and in the next room. So I'm certain that they suffered serious psychological harm as I outlined before let alone your kids. They were young but old enough to remember what they witnessed and I don't see how they are going to forget what they witnessed between their mother,

---

[2] [34 N.E.3d 892](34 N.E.3d 892) (Ohio Ct. App. 2015).

their aunt and their father.  So one hopes, certainly we hope they get over it but who knows if they ever will.

And the second group of people you put in harm's way was everybody else that lived in that apartment.  You set a fire that you intended to burn and luckily one of the ladies broke free and were able to put it out.  You have [in] setting that fire endangered everybody else that was in that apartment so to a certain extent you were very lucky in your ineptitude in accomplishing what you wanted to accomplish otherwise we'd be in a whole different stratosphere.

So the issue when it comes to something like this, what I'm doing is what [the prosecutor] said a little bit earlier, how do you fashion a number for that?  Your scrapes with the law in the past, both with your misdemeanor offenses and your traffic offenses are in the grand scheme of things of what comes in here relatively minor.  You certainly did not grow up in a situation where you have no support, that's obvious from your mother and father on down that you had a support system that most people sitting here don't have and for whatever reason you acted as you did.

The reason was because you were mad about something specific and unable to control your rage about that specific incident yourself.  While it's true that it was your support both spoken here today, in the letters has indicated that this was out of character for you [sic].  The stark reality is that you talked about earlier with regard to the two young ladies and your kids it's happened and it's irreversible, you can't take back what you did so you're faced with me fashioning a number that reflects not only you and your past life and your situation but what happened to these victims and what could have happened as a result of setting the fire.

So that's, that's what I have in order to assist [the prosecutor] in fashioning a number.  Now had you succeeded in your attempt then I'd be off here 20 minutes ago 'cause there would have been no question what would have been done and you would never have seen the light of day.  No question about that so the fact is that your inability to complete what you started works in your favor at this time.

Now even though I did not receive victim impact statements in reviewing the presentences report which includes the police report, I'm aware of the extent of what they've been through so I have, although I would have liked to find the presentence or victim impact statement it really doesn't impact what I'm doing because I'm aware of these things.

*Id.* at 34-39.

After discussing the relevant sentencing factors, the trial court calculated the sentence for each individual count of conviction.  *Id.* at 39-43.  Addressing the imposition of consecutive sentences, the court stated the following:

> I find that consecutive sentences are necessary to protect the public from future crime by you and they are necessary to protect the public.  There is no question that the brutality of the acts that you committed in the context of everything we discussed here warrants that consecutive sentences are necessary to protect the public from future crime by you.
>
> * * *
>
> With regard to the consecutive sentences one other finding is that at least two of the offenses were committed as a part of one or more courses of conduct.  The harm caused by these offenses to both these victims and everybody else, the danger was so great or unusual that no single prison term would adequately reflect the seriousness of the conduct.

*Id.* at 42-43.

On May 29, 2020, the court entered judgment against Crawford, sentencing him to an aggregate prison sentence of 33 years to 38 years and 6 months, consisting of: (i) 11 years to 16 years and 6 months on Count 5 (attempted murder); (ii) 5 years on Count 1 (aggravated burglary); (iii) 11 years on Count 6 (attempted murder); (iv) 3 years on each of Counts 9 and 10 (kidnapping); (v) 5 years on Count 15 (aggravated arson); and (vi) 180 days on each of Counts 17, 18, and 19 (endangering children).  Counts 5, 6 and 15 were ordered to be served consecutively to each other but concurrently with Counts 1, 9, 10, 17, 18, and 19.  ECF Doc. 5-1 at 47.  The court further sentenced Crawford to an additional 3-year prison terms for the firearm specifications attached to Counts 1, 5, 6, 9, 10 and 15, to be served prior to and consecutive to the above aggregate prison term – with the 3-year terms on Counts 5 and 6 to served consecutively to each other but concurrently with the 3-year terms on the firearm specifications attached to Counts 1, 9, 10, and 15.  *Id.*

**B.      Direct Appeal**

On June 19, 2020, Crawford appealed to the Ohio Court of Appeals.  *Id.* at 52-54.

Crawford asserted three assignments of error: (i) the trial court erred in sentencing Crawford to

consecutive sentences; (ii) the trial court erred in failing to merge for purposes of sentencing

Crawford's aggravated burglary, aggravated arson, and kidnapping convictions with his

attempted murder convictions; and (iii) the trial court erred in sentencing Crawford to a 33-year

to 38-year and 6-month term of imprisonment.  *Id.* at 79-80.  In support of the first, Crawford

argued that the trial court relied on Ohio Rev. Code § 2929.14(C)(4)(b) when it imposed

consecutive sentences but its findings under that section were not supported by clear and

convincing evidence – specifically concerning whether the harm caused by Crawford's offenses

was "so great or unusual" that a single prison term was inadequate.  *Id.* at 84-87.  In support of

the second, Crawford argued that the failure to merge his convictions for the purposes of

sentencing violated the Double Jeopardy Clause of the Fifth Amendment, because his counts of

conviction for aggravated burglary, kidnapping, and aggravated arson were all committed as part

of the same course of conduct and with the same purpose and animus as the counts of attempted

murder.  *Id.* at 88-92.  And in support of the third, Crawford argued that the trial court issued an

erroneous sentence because: (i) the court did not properly weigh the factors under Ohio Rev.

Code § 2929.12, putting too much weight on some factors; and (ii) the record does not otherwise

support the length of his sentence.  *Id.* at 92-97.  The state filed an appellee brief.  *Id.* at 102-22.

On March 15, 2021, the Ohio Court of Appeals overruled Crawford's assignments of

error and affirmed his convictions.  *Id.* at 124-39; *State v. Crawford*, 2021-Ohio-785 (Ohio Ct.

App. 2021).  The court addressed Crawford's first and third assignments of error together

because it found they were related.  ECF Doc. 5-1 at 130.  In overruling Crawford's third

assignment of error, the court found that: (i) a trial court is not limited to the non-exhaustive list of factors under Ohio Rev. Code § 2929.12(B) and is vested with discretion to determine the weight of a particular factor; (ii) here, "the trial court placed significant weight upon the nature of the crime, the physical and psychological harm caused to the victims, appellant's relationship to the victims (including the children), as well as appellant's admitted intention to kill the same"; (iii) Crawford's prior criminal history was not severe but included an assault and domestic violence, allowing the trial court to reasonably conclude there was a chance of a future violent outburst; and (iv) under the circumstances of this case, "the court was entitled to conclude that [Crawford's] acceptance of responsibility did not diminish the seriousness of his conduct." *Id.* at 133-35.

In overruling Crawford's first assignment of error, the court stated:

> **{¶38}** As noted above, the trial court could reasonably conclude that, in light of the unique and severe nature of the incident, appellant poses a threat to the public and could, if fueled by anger and alcohol, commit future crime. The court underscored the serious harm suffered by AB. and V.R.; the likely psychological harm that the children will suffer; and the harm that could have come to all who lived in the apartment building (and others) had the fire spread. The criminal actions demonstrated appellant, on that evening, lacked any sense of foresight, restraint, or empathy. Although appellant indicates such an episode is not likely to happen again, the court was entitled to find consecutive sentences were necessary to protect the public from him and punish him for his actions.

> **{¶39}** Furthermore, as discussed above, the trial court was entitled to conclude that the harm caused was so great or unusual that no single term would adequately reflect the seriousness of appellant's actions. The court focused upon the nature and brutality of appellant's actions and the serious harm they caused. Perhaps, viewed in a vacuum, there are more gory or horrific attempted murder/kidnapping/arson cases. That is not the point. The court considered each aspect of this individual case and concluded the harm was so significant that individual sentences would essentially diminish the seriousness of appellant's conduct. We hold the trial court did not err in entering its order.

*Id.* at 136-37.

In overruling Crawford's second assignment of error, the court stated:

8

{¶43} Appellant argues the court should have merged his aggravated burglary, aggravated arson, and kidnapping counts with his attempted murder counts for purposes of sentencing. Appellant acknowledges he entered the victims' home with a firearm, bound them, stabbed them, and set them on fire.  He maintains he committed these acts with the same animus and thus should have been merged for sentencing.  In support, appellant relies on *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314.  *Johnson,* however, has been largely rendered obsolete by subsequent rulings of the Supreme Court of Ohio. *State v. Earley,* 145 Ohio St.3d 281, 2015-Ohio-4615, ¶11, citing *State v. Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995.

{¶44} The Supreme Court of Ohio in *Ruff* set forth three questions under R.C. 2941.25 in order to determine whether a defendant can be convicted of multiple offenses:

{¶45} (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. *Id.* at 1131.

{¶46} In this matter, appellant committed and completed the aggravated burglary when, by force, he trespassed into the apartment with the victims and children present, while displaying a firearm, with the purpose of committing a criminal offense (by his own admission, murder) and threatened to inflict harm on A.B. and V.R.  *See* R.C. 2911.11(A)(1).  Further, the kidnappings were committed and completed when appellant ordered A.B. and V.R. to the floor and bound their hands with duct tape, with the purpose to terrorize and/or inflict serious physical harm on them.  *See* R.C. 2905.01(A)(3).  The attempted murders were committed and completed when appellant knowingly and purposely, stabbed each victim in the neck because, if he was successful in his ultimate goal, this conduct would have purposely caused their deaths.  *See* R.C. 2923.02; R.C. 2903.03(A).  Finally, appellant committed and completed the crime of aggravated arson when he knowingly doused the apartment, as well as each woman, with lighter fluid and ignited the same causing each victim and the residence to catch fire.  *See* R.C. 2909.02(A)(1).

{¶47} In *Ruff,* the Supreme Court "provided two alternatives to determine whether the offenses are of dissimilar import: separate victims or separate harms." *State v. Carradine,* 8th Dist. Cuyahoga No. 101940, 2015-Ohio-3670, ¶70, (Gallagher, J., concurring). Specifically, the court in *Ruff* held that "two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(8)[, Ohio's merger statute,] when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Ruff* at ¶26. Each of the four crimes involved a separate act or a separate harm (i.e., were of dissimilar import).  Even if the motivation or animus

9

was continuous throughout, therefore, the trial court did not err in declining to merge the crimes for sentencing.

ECF Doc. 5-1 at 137-39.

On April 28, 2021, Crawford appealed to the Ohio Supreme Court. *Id.* at 216-18. Crawford's memorandum in support of jurisdiction asserted two propositions of law: (i) "The imposition of consecutive terms of incarceration is invalid where it is inconsistent with the Ohio Revised Code and the purposes of felony sentencing"; and (ii) 'The failure to merge counts with the same animus results in a violation of the Double Jeopardy clause of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution." *Id.* at 147. The state filed a memorandum in opposition. *Id.* at 175-191.  On June 22, 2021, the Ohio Supreme Court declined to accept jurisdiction of Crawford's appeal. *Id.* at 193.

## II.      Federal Habeas Petition

Crawford filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in this court on June 22, 2021.  ECF Doc. 1.  Crawford alleged two claims for relief:

> **GROUND ONE:** The failure to merge allied offense, which consist of the same animus, results in a violation of the Double Jeopardy and Due Process Clauses of the Fifth Amendment to the United States Constitution.

> **GROUND TWO:** The imposition of consecutive terms of incarceration violates the Due Process Clause of the United State Constitution when [it] is not supported by law and inconsistent with the purposes of [sentencing].

*Id.* at 6, 8; ECF Doc. 1-2 at 4, 9.

## III.     Ground One

For his Ground One claim, Crawford contends that the aggravated burglary, kidnapping, and aggravated arson offenses should have been merged with the attempted murder offenses for purposes of sentencing because all these offenses of conviction: (i) had the same purpose/animus – to inflict serious physical harm on the victims; (ii) were committed during the same course of

10

conduct in order to achieve that purpose; and (iii) were committed within the same area with little to no time in-between.  ECF Doc. 1-2 at 6-8.  He concludes that this failure to merge the allied offenses resulted in him being sentenced twice for the same conduct in violation of the Double Jeopardy clause.  *Id.* at 8-9.  Warden Foley responds that when the state legislature intended cumulative punishments for a single criminal incident there is no violation of the Double Jeopardy clause, and federal courts are bound by a state court's determination of the state legislature's intent.  ECF Doc. 5 at 23-24.  He argues that the Ohio Court Appeals determined that under *State v. Ruff*, Crawford's four offenses of conviction were of dissimilar import and could not be merged because they involved separate acts and separate harms.  *Id.* at 24-25.  Thus, he concludes that there was no violation of the Double Jeopardy clause because this binding decision supports the determination that the state legislature intended separate punishments for Crawford's four offenses of conviction.  *Id.* at 25-26.

In his traverse, Crawford generally puts forward the same arguments that his various offenses should have merged for the purposes of sentencing.  ECF Doc. 7 at 7-10.  However, he added citations to caselaw that allegedly support the proposition that his various offenses should have merged given the circumstances of this case.  *Id.* at 10-12.

### A.    AEDPA Deference

Because the state court adjudicated Crawford's Ground One claim on the merits, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") permits a federal court to grant relief only if that decision: (i) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (ii) was based on an unreasonable determination of the facts in light of the record before the state court.  28 U.S.C. § 2254(d).  "Unreasonable" doesn't simply mean that the state court got it wrong.  *Chinn v.*

*Warden, Chillicothe Corr. Inst.*, 24 F.4th 1096, 1101 (6th Cir. 2022).  Only if no "fairminded

jurist" could agree with the state court may we grant relief.  *Harrington v. Richter*, 562 U.S. 86,

102 (2011).  The petitioner must show that the state court's "decision was so lacking in

justification that there was an error well understood and comprehended in existing law beyond

any possibility for fairminded disagreement."  *Id.* at 103.

> ### B.     Double Jeopardy Legal Standard

The Double Jeopardy Clause of the Fifth Amendment protects against (among other

things) the imposition of multiple punishments for the same offense.  *Volpe v. Trim*, 708 F.3d

688, 696 (6th Cir. 2013) (quoting *Brown v. Ohio*, 432 U.S. 161, 165 (1977)); *see also Ohio v.

Johnson*, 467 U.S. 493, 498 (1984).  This prohibition against multiple punishments protects only

against the imposition of sentences that are greater than the state legislature intended.  *See Volpe*,

708 F.3d at 696 (citing *Albernaz v. United States*, 450 U.S. 333, 334 (1981); *Missouri v. Hunter*,

459 U.S. 359, 366 (1983)); *see also White v. Howes*, 586 F.3d 1025, 1035 (6th Cir. 2009).  Thus,

if the state legislature intended to impose multiple punishments for the same offense, no Fifth

Amendment violation has occurred.  *Hunter*, 459 U.S. at 366.  "When assessing the intent of a

state legislature, a federal court is bound by a state court's construction of that state's own

statutes." *White*, 586 F.3d at 1031 (quoting *Banner v. Davis*, 886 F.2d 777, 780 (6th Cir.

1989)).  Thus, when accessing intent for purposes of double jeopardy analysis, federal courts are

bound by a state court's determination that a legislature intended multiple punishments for a

single criminal incident. *Lash v. Sheldon*, No. 1:19 CV 1616, 2020 U.S. Dist. LEXIS 217302, at

*41 (N.D. Ohio Oct. 20, 2020) (citing *Volpe v. Trim*, 708 F.3d 688, 696-97 (6th Cir. 2013)); *see

also White*, 586 F.3d at 1031.

12

In Ohio, courts apply Ohio Rev. Code § 2941.25 (Ohio's merger/allied offense statute) to determine whether the Ohio legislature intended "cumulative punishments" for certain, multiple offenses. *Volpe*, 708 F.3d at 697.  The statute provides:

> (A) Where the same conduct by a defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain for all such offenses, and the defendant may be convicted of all of them.

Ohio Rev. Code § 2941.25.

The Ohio Supreme Court has interpreted Ohio Rev. Code § 2941.25 and held that "a defendant charged with multiple offenses may be convicted of all the offenses if *any* one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus."  *State v. Ruff*, 2015-Ohio-995, 143 Ohio St. 3d 114, 34 N.E.3d 892, 896 (Ohio 2015) (emphasis added).  In *Ruff*, the Ohio Supreme Court held that two or more offenses are of dissimilar import when they involve separate victims or inflict separate harms. *Id.* at 898.

### C.    Merits

First, to the extent that Crawford argues that the trial court violated Ohio Rev. Code § 2941.25 when it sentenced him, such a claim is not cognizable because "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States," not issues of state law.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).  Second, Crawford's federal constitutional claim fails on the

merits.  In Crawford's direct appeal, the Ohio Court of Appeals applied the rule in *Ruff* – which interpreted Ohio Rev. Code § 2941.25 – and determined that the convictions for aggravated burglary, kidnapping, aggravated arson, and attempted murder were not allied offenses of similar import under § 2941.25, even if Crawford had the same animus, because each of the four offenses involved a separate act or a separate harm.  ECF Doc. 5-1 at 137-39.  Thus, the Ohio Court of Appeals determined that the trial court did not err in declining to merge the offenses for sentencing and Crawford could be convicted of his offenses separately under Ohio Rev. Code § 2941.25.  *See id.*  The Ohio Supreme Court did not disturb that interpretation.  ECF Doc. 7-1 at 179.  We are bound by the state appellate court's interpretation of state law and its determination that Crawford's offenses were not subject to merger.  *Volpe*, 708 F.3d at 697; *Banner*, 886 F.2d at 780; *Lash*, 2020 U.S. Dist. LEXIS 217302, at *43.  Moreover, habeas relief is not available for any error of state law the trial court may have committed in applying § 2941.25 to Crawford's case.[3]  *See Jackson v. Smith*, 745 F.3d 206, 214-15 (6th Cir. 2014) ("With the focus correctly on what the Ohio Court of Appeals actually did in this matter—it discerned the Ohio legislature's intent by applying Ohio's allied offenses statute—there can be no doubt that its decision falls outside § 2254(d)(1)'s narrow exceptions to the bar on federal habeas relief, thus rendering Jackson ineligible for relief.").

---

[3] The cases Crawford cited in his traverse for the proposition that his various offenses should have merged are unavailing because those cases either: (i) involved state court decisions that relied on *State v. Johnson*, 942 N.E.2d 1061 (Ohio 2010), and were decided before the Ohio Supreme Court clarified Ohio's merger doctrine with its decision in *Ruff*, *see* ECF Doc. 7 at 10-11 (citing *Lundy v. Turner*, No. 3:16CV1727, 2018 U.S. Dist. LEXIS 86651 (N.D. Ohio May 23, 2018), *and State v. Ozevin*, 2013-Ohio-1386 (2013 Ohio Ct. App.)); or (ii) merely recognized that certain offenses should be merged together under the right circumstances, *see* ECF Doc. 7 at 11-12 (citing *State v. Adel Ahmed Kamal*, 2019-Ohio-3928 (2019 Ohio Ct. App.), *and Rojas v. Warden, Ross Corr. Inst.*, No. 3:13-CV-2521, 2015 U.S. Dist. LEXIS 17401, at *1 (N.D. Ohio Feb. 12, 2015)).

Thus, we are limited to determining whether the Ohio Court of Appeals' merger decision was based upon an unreasonable determination of the facts in light of the record before it. 28 U.S.C. § 2254(d)(2). For purposes of merger, Ohio courts consider "the entire record, including arguments and information presented at the sentencing hearing." *State v. Washington*, 999 N.E.2d 661, 669 (Ohio 2013). Here, the Ohio Court of Appeals determined that the separate offenses were committed and completed entirely separate from each other:

> In this matter, appellant committed and completed the aggravated burglary when, by force, he trespassed into the apartment with the victims and children present, while displaying a firearm, with the purpose of committing a criminal offense (by his own admission, murder) and threatened to inflict harm on A.B. and V.R. *See* R.C. 2911.11(A)(1). Further, the kidnappings were committed and completed when appellant ordered A.B. and V.R. to the floor and bound their hands with duct tape, with the purpose to terrorize and/or inflict serious physical harm on them. *See* R.C. 2905.01(A)(3). The attempted murders were committed and completed when appellant knowingly and purposely, stabbed each victim in the neck because, if he was successful in his ultimate goal, this conduct would have purposely caused their deaths. *See* R.C. 2923.02; R.C. 2903.03(A). Finally, appellant committed and completed the crime of aggravated arson when he knowingly doused the apartment, as well as each woman, with lighter fluid and ignited the same causing each victim and the residence to catch fire. *See* R.C. 2909.02(A)(1).

ECF Doc. 5-1 at 138-39. The Ohio Court of Appeals also determined that each of the above offenses involved a separate and identifiable harm. *Id.* at 139. Given the facts of this case, it was not unreasonable for the state court to conclude that each offense not only involved discrete conduct but also inflicted a distinct harm upon Crawford's victims. As a result, it was not unreasonable for the state court to ultimately conclude that Crawford's offenses of conviction were of dissimilar import and should not be merged. *See Ruff*, 34 N.E.3d at 896, 898. Thus, the state court's decision did not involve an unreasonable determination of the facts presented. 28 U.S.C. § 2254(d)(2). Under the circumstances, AEDPA requires us to accept the findings of the Ohio courts.

I recommend that Crawford's Ground One claim be DENIED on the merits.

15

## IV.    Ground Two

Crawford's Ground Two claim contends that his due process rights were violated because the trial court did not comply with Ohio sentencing laws when it imposed consecutive sentences. ECF Doc. 1-2 at 9-14.  Specifically, he argues that the trial court: (i) misapplied Ohio Rev. Code § 2929.14(C)(4)(b) because there is no clear or convincing evidence that Crawford's conduct was more significant or serious compared to similar cases; (ii) did not properly consider or weigh factors under § 2929.12(A)-(E), with the factors in his favor outweighing those against him; and (iii) imposed a sentence that was inconsistent with the purposes of felony sentencing because "[a] single prison term would have adequately punished Mr. Crawford without demeaning the seriousness of his conduct, while also serving as a deterrent."  *Id.* at 11-14.  Warden Foley responds that Crawford's Ground Two claim is procedurally defaulted, noncognizable, and meritless.  ECF Doc. 5 at 26-35.

### A.    Procedural Default

Warden Foley contends that Crawford procedurally defaulted his Ground Two claim because he did not sufficiently raise the claim before the Ohio Supreme Court and, more importantly, he did not first present the claim to the Ohio Court of Appeals.  *Id.* at 26-27. Crawford's traverse argues that he fairly presented his due process claim before the Ohio Court of Appeals because: (i) he based his claim on state sentencing law and defendants have a due process interest in states following their own sentencing procedures; and (ii) the claim presented to the court of appeals "clearly expressed the unfairness of the proceeding and the total sentence so as to indicate a violation of Mr. Crawford's due process rights."  ECF Doc. 7 at 14-16.  He also argues that he fairly presented his claim at all levels because the substance of the arguments in his briefs before the Ohio Court of Appeals, Ohio Supreme Court, and this court are the same

concerning the imposition of consecutive sentences and he directly cited the Due Process Clause of the U.S. Constitution in both the Ohio Supreme Court and this court.  *Id.* at 15.

"Before [a federal court may] reach the merits of a habeas petition, . . . [it must] review whether the petitioner has satisfied the [two] procedural requirements for litigating his federal claim in state court."  *Gerth v. Warden, Allen Oakwood Corr. Inst.*, 938 F.3d 821, 826 (6th Cir. 2019) (citing *Bickham v. Winn*, 888 F.3d 248, 250-51 (6th Cir. 2018), and *Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000)).  First, a state habeas petitioner must give the state courts a "*fair*" opportunity to act on his claims.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (emphasis in original).  If the petitioner hasn't done so and has no legal mechanism by which to do so now, the claim he failed to present is procedurally defaulted, which means this court cannot act on the claim either.  *See Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Williams v. Anderson*, 460 F.3d 789, 809 (6th Cir. 2006).  For a claim to have been fairly presented, the factual and legal basis of the claim asserted by the petitioner must have raised at each and every stage of state review.  *Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams*, 460 F.3d at 806.  The fair-presentment requirement can be satisfied in one of four ways:

> (1) reliance upon federal cases employing constitutional analysis;
>
> (2) reliance upon state cases employing federal constitutional analysis;
>
> (3) phrasing the claim in terms of [federal] constitutional law or in terms sufficiently particular to allege [the] denial of a specific [federal] constitutional right; or
>
> (4) alleging facts well within the mainstream of [federal] constitutional law.

*Beach v. Moore*, 343 F. App'x 7, 10 (6th Cir. 2009) (quotation marks omitted); *see McMeans*, 228 F.3d at 681 (citing *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir.1987)).

17

"While a petitioner need not cite 'chapter and verse' of constitutional law, 'general allegations of the denial of rights to a fair trial and due process do not fairly present claims that specific constitutional rights were violated.'" *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006) (quoting *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)).  Moreover, the Sixth Circuit has emphasized that fair presentment is not established merely because: (i) the state law claim presented to the state court was "somewhat similar" to a federal constitutional claim; (ii) both such claims arose out of the same set of facts; or (iii) the existence of a federal constitutional claim should have been self-evident from the ramifications of the state law claim. *Dahms v. Wainwright*, No. 3:18-cv-01466-JGC, 2022 U.S. Dist. LEXIS 236137, at *6 (N.D. Ohio Oct. 11, 2022) (citing *McMeans*, 228 F.3d at 681-82); *see also Conner v. Ohio*, No. 3:16 CV 1718, 2018 U.S. Dist. LEXIS 202356, at *11 (N.D. Ohio Aug. 2, 2018).

I agree with Warden Foley that Crawford's Count Two claim of a federal constitutional due process violation is procedurally defaulted.  Crawford failed to raise his due process claim at each and every stage of the Ohio's review process because he failed to fairly present his claim in his appeal to the Ohio Court of Appeals.  In his merits brief to the Ohio Court of Appeals, Crawford's assignment of error exclusively contended that the trial court failed to properly apply Ohio sentencing law, specifically Ohio Rev. Code §§ 2929.14(C)(4) and 2929.12(B).  ECF Doc. 5-1 at 84-87.  Crawford did not: (i) mention the U.S. Constitution or the Due Process Clause; (ii) use the words due process at all; (iii) cite any federal cases; (iv) cite any state cases which conducted a federal due process analysis; or (v) cite any facts within the mainstream of federal constitutional law.  *See id.*  That Crawford's appellate brief may have asserted a claim that "expressed the unfairness of the proceeding and the total sentence" was not sufficient to fairly present a federal due process claim to the Ohio Court of Appeals.  *See McMeans*,

681; *Petrone v. Bunting*, No. 5:13-cv-02187, 2015 U.S. Dist. LEXIS 175452, at *33-34 (N.D. Ohio Dec. 9, 2015).  Thus, it cannot be said that Crawford satisfied the fair presentment requirement.  *See Beach*, 343 F. App'x at 10; *McMeans*, 228 F.3d at 681.

Crawford seemingly argues that a federal due process claim is preserved even when the claim presented to the state court was based solely on state sentencing law, citing *Palmer v. Haviland*, No. C-1-04-028, 2006 U.S. Dist. LEXIS 95890 (S.D. Ohio 2006).  ECF Doc. 7 at 14.  But Crawford's reliance on *Palmer* is misplaced.  The district court in *Palmer* found that the petitioner fairly presented an Eighth Amendment claim to the state court, even though the petitioner only alleged a violation of Ohio Rev. Code § 2941.25, because the petitioner argued his § 2941.25 claim in reliance upon *State v. Rance*, 85 Ohio St. 3d 632, 710 N.E.2d 699 (1999), an Ohio Supreme Court decision which the district court determined relied on federal Double Jeopardy analysis.  *Palmer*, 2006 U.S. Dist. LEXIS 95890, at *15-16.  The *Palmer* court also noted that the Ohio Court of Appeals recognized the federal constitutional question raised by *Rance* in its decision.  *Id.* at *18.  Neither unique circumstance addressed in *Palmer* is present in this case.  Crawford's brief before the Ohio Court of Appeals cited no Ohio case which conducted a federal due process analysis concerning the imposition of consecutive sentences.  And the Ohio Court of Appeals' decision in this case did not implicitly or explicitly analyze or discuss a federal due process issue concerning the imposition of consecutive sentences.  Because Crawford did not pursue his federal constitutional due process claim at each and every level of the state review, the claim is procedurally defaulted.  *See Wagner*, 581 F.3d at 418; *Williams*, 460 F.3d at 806; *see also State v. Moreland*, 552 N.E.2d 894, 899 (Ohio 1990) (providing that a failure to present a claim to a state court of appeals constituted a waiver) (citing *State v. Broom*, 533 N.E. 2d 682, 695-96 (Ohio 1988))).

19

Crawford also cannot overcome his procedural default.  Procedural default can be excused and will not preclude consideration of a claim on federal habeas review, if the petitioner can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law;" or (2) that the "failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012).  A "fundamental miscarriage of justice" can occur only when the procedurally defaulted claim – supported by new reliable evidence not presented at trial – would establish that the petitioner was "actually innocent" of the offense.  *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (A "fundamental miscarriage of justice" can occur only when the procedurally defaulted claim would establish that the petitioner was "actually innocent."); *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("[A]ctual[] innocen[ce]" means "factual innocence, not mere legal insufficiency."); *see also Schlup v. Delo*, 513 U.S. 298, 324 (1995) (An actual innocence claim must be supported by "new reliable evidence . . . that was not presented at trial.").  Here, Crawford has neither argued nor otherwise demonstrated cause to excuse the procedural default of this claim; and has he has not argued or demonstrated that is actually innocent.

Accordingly, I recommend that Crawford's Ground Two claim be DISMISSED as procedurally defaulted, to the extent he asserts a federal constitutional due process claim.

### B.    Cognizability

Absent a viable federal due process claim, we cannot otherwise consider Crawford's Ground Two claim, because it makes the noncognizable allegation that the trial court violated state law in sentencing Crawford.  Federal habeas relief is only available for *federal* constitutional violations.  28 U.S.C. § 2254(a).  "[I]t is not the province of a federal habeas court

to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle*, 502 U.S. at 67-68. Thus, "federal habeas corpus relief does not lie for errors of state law." *Lewis*, 497 U.S. at 780.

Crawford's Ground Two claim essentially asserts that the trial court imposed consecutive sentences after making erroneous findings under Ohio Rev. Code §§ 2929.11 and 2929.14(C)(4) which were unsupported by the record, thereby ostensibly violating due process. ECF Doc. 1-2 at 10-14. However, this claim is not cognizable on federal habeas review because it asserts a violation of state sentencing laws, which is a state-law issue. *See Estelle*, 502 U.S. at 68; *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000) (an alleged violation of state sentencing laws is not cognizable on federal habeas review) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)); *see also Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Branan v. Booth*, 861 F. 2d 1507, 1508 (11th Cir. 1988) ("In the area of state sentencing guidelines in particular, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedure."). Moreover, courts in the Sixth Circuit have determined that a claim alleging a violation of Ohio Rev. Code § 2929.14(C)(4) is not cognizable in federal habeas corpus. *See, e.g.*, *Roberts v. Wainwright*, No. 1:18 CV 2228, 2019 U.S. Dist. LEXIS 92446, at *5-6 (N.D. Ohio June 3, 2019); *Blair v. Cook*, No. 1:16-cv-940, 2017 U.S. Dist. LEXIS 203254, at *12 (S.D. Ohio Dec. 11, 2017) ("Because the question of whether the trial court complied with Ohio Revised Code § 2929.14(C)(4) in imposing consecutive sentences is purely one of state law, it is not cognizable in federal habeas corpus."); *see also Rognon v. Turner*, No. 3:20-cv-2519, 2023 U.S. Dist. LEXIS 128107, at *20-22 (N.D. Ohio Mar. 13, 2023),

21

*report and recommendation adopted*, No. 3:20-cv-2519, 2023 U.S. Dist. LEXIS 127374 (N.D. Ohio July 24, 2023).

Courts have consistently held that a claim alleging a constitutional violation due to the imposition of consecutive sentences is not cognizable unless the petitioner demonstrates that the sentence exceeds the statutory range.  *See Croce v. Miller*, No. 1:15-CV-1758, 2017 U.S. Dist. LEXIS 124245, at *53-55 (N.D. Ohio July 12, 2017) (collecting cases).  At no point has Crawford argued or demonstrated that the trial exceeded the maximum sentence authorized under Ohio law when it imposed consecutive sentences.  *See Austin*, 213 F.3d at 301 ("As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining the type and extent of punishment for convicted defendants." (internal quotation marks and citation omitted)); *Nunez v. Brunsman*, 886 F. Supp. 2d 765, 770 (S.D. Ohio 2012) (finding that the imposition of consecutive sentences does not violate federal constitutional due process).  Crawford's arguments before this court have primarily expressed his disagreement with the trial court's findings under Ohio Rev. Code § 2929.14(C)(4) that a single prison term would not adequately reflect the seriousness of Crawford's conduct and with how the trial court considered and weighed the sentencing factors under § 2929.12.  *See* ECF Doc. 1-2 at 9-14; ECF Doc. 7 at 16-21.  But these arguments, and Crawford's contentions as to how he would have viewed and weighed the sentencing factors, do not assert a violation of federal law.  *See Dunigan v. Clark*, No. 17-cv-05314-PD, 2019 U.S. Dist. LEXIS 202450, at *16-17 (E.D. Pa. Nov. 20, 2019) ("To the extent that Petitioner argues, as he did to the state court, that he should have received more of a benefit from these mitigating factors, his claim is one that the sentencing judge abused his discretion, which is purely a question of state law."); *see also State v. Stubbs*, 2014-Ohio-3696, ¶ 16 (Ohio Ct. App. 2014) (providing that under Ohio law it is "[t]he trial court

[that], in imposing a sentence, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances.") (quoting *State v. Todd*, 10th Dist. No. 06AP-1208, 2007-Ohio-4307, ¶ 23 (Ohio Ct. App. 2007)); *Linger v. Akram*, 23 F. App'x 248, 252 (6th Cir. 2001) ("A federal habeas court does not sit as a traditional appellate review with supervisory power to correct general errors committed by a state authority; rather, it has power only to accord relief for constitutional violations.") (citing *Donnelly* v. *DeChristoforo*, 416 U.S. 637, 642 (1974)).

To the extent that Crawford asserts that the Ohio trial court had a due process obligation under the U.S. Constitution to follow Ohio sentencing laws concerning consecutive sentences, Crawford has failed to state a cognizable federal habeas claim.  *See Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003) ("The state simply has no 'federal due process obligation to follow all of its [own] procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable.'" (quoting *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993)[4]).  More fundamentally, the Ohio Court of Appeals determined that the trial court did not impose consecutive sentences in violation of Ohio Rev. Code § 2929.14(C)(4) and we are bound by the Ohio court's interpretation of its own law.  *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.").

To the extent Crawford's Ground Two claim attempts to assert a federal due process violation, it is procedurally defaulted; to the extent it attempts to assert an independent claim based on an asserted violation of Ohio sentencing law, it must be dismissed as noncognizable.

---

[4] *Levine* was overruled on other grounds by *Thompson v. Keohane*, 516 U.S. 99 (1995).

## V.      Certificate of Appealability[5]

Under 28 U.S.C. § 2253(c)(1)(A), this court will grant a certificate of appealability

("COA") for an issue raised in a §2254 habeas petition only if the petitioner has made a

substantial showing of the denial of a federal constitutional right.  *Cunningham v. Shoop*, 817 F.

App'x 223, 224 (6th Cir. 2020).  A petitioner satisfies this standard by demonstrating that

reasonable jurists "could disagree with the district court's resolution of his constitutional claims

or that jurists could conclude the issues presented are adequate to deserve encouragement to

proceed further."  *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (internal quotation marks omitted);

*see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a claim is denied on procedural

grounds, the petitioner must show "that jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right and that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S.

at 484.

If the Court accepts my recommendations, Crawford will not be able to show that the

Court's rulings on his claims are debatable among jurists of reason.  Crawford's Ground One is

meritless and his Ground Two claim is procedurally defaulted in part and otherwise

noncognizable in its entirety.  Because jurists of reason would not find these conclusions to be

debatable, I recommend that no COA issue in this case.

## VI.     Recommendation

I recommend that Crawford's petition for writ of habeas corpus under 28 U.S.C. § 2254

be DENIED and that his claims be resolved in the following manner: (i) Ground One be

---

[5] In light of the requirement that the Court either grant or deny a certificate of appealability at the time of its adverse order, a recommendation regarding the certificate of appealability is included.  Rule 11(a), 28 U.S.C. foll. § 2254.

DENIED as meritless; and (ii) Ground Two be DISMISSED as procedurally defaulted and

noncognizable.  I further recommend that Crawford not be granted a COA.

Dated: August 31, 2023

Thomas M. Parker
United States Magistrate Judge

_____

### Objections, Review, and Appeal

Within 14 days after being served with a copy of this report and recommendation, a party may
serve and file specific written objections to the proposed findings and recommendations of the
magistrate judge.  Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§
636(b)(1); Local Rule 72.3(b).  Properly asserted objections shall be reviewed de novo by the
assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the
right to raise the issue on appeal either to the district judge or in a subsequent appeal to the
United States Court of Appeals, depending on how or whether the party responds to the report
and recommendation.  *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  Objections must be
specific and not merely indicate a general objection to the entirety of the report and
recommendation; "a general objection has the same effect as would a failure to object." *Howard
v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Objections should focus
on specific concerns and not merely restate the arguments in briefs submitted to the magistrate
judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge
without specific objections 'wastes judicial resources rather than saving them, and runs contrary
to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist.
LEXIS 100383, \*6 (W.D. Ky. June 15, 2018) (quoting *Howard*).  The failure to assert specific
objections may in rare cases be excused in the interest of justice.  *See United States v.
Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).